No. 52952.—Marks & Rosenfeld, Inc. *v.* United States, protests 9289–K, etc. (New York).

OLIVER, Chief Judge: The merchandise involved in these protests, which have been consolidated for trial, was imported from Czechoslovakia and entered at the port of New York. The particular articles before us, consisting of long-handled glass forks and spoons, were assessed with duty as "Table and kitchen articles and utensils, * * * composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut * * * ground * * *," at 50 per centum ad valorem under the provisions of paragraph 218 (f), Tariff Act of 1930, as modified by the trade agreement with Czechoslovakia, T. D. 49458. They are claimed dutiable at only 25 per centum ad valorem under the provisions of paragraph 218 (g) of the same act, as amended by the said trade agreement, as "Table and kitchen utensils, composed wholly or in chief value of glass, when pressed and unpolished * * *." There is no question but that these spoons and forks are kitchen and table articles. The only issue before us is whether they are "blown or partly blown in the mold" (paragraph 218 (f)) or "pressed and unpolished" (paragraph 218 (g)).

The competing provisions of the tariff act are as follows:

PAR. 218. (f) Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground * * *.

PAR. 218. (g) Table and kitchen articles and utensils, composed wholly or in chief value of glass, when pressed and unpolished, whether or not decorated or ornamented in any manner or ground * * *.

Official samples of the merchandise in question are in evidence (plaintiff's collective exhibits 1, 2, 3, and 4). They consist of long-handled glass forks and spoons, some with plain and some with colored handles. All the handles are either ridged or hexagonal and are approximately 10 to 12 inches in length. They are all described on the invoices herein as item 2166/7, which item the witness stated "comes from Libochovice's factory" (R. 10).

Counsel for the plaintiff stated that its claim was limited to the forks and spoons "manufactured by the Libochovice factory or A. Perner of Czechoslovakia" (R. 4). However, an examination of the invoices covering the protests herein fails to disclose any merchandise from the A. Perner factory and, therefore, the only articles before us are those made by Libochovice.

Plaintiff's sole witness, associated with plaintiff's firm for over 16 years and familiar with the manufacture of table and kitchen articles for over 30 years, testified that he had seen such merchandise manufactured in factories located in different parts of Czechoslovakia. He was familiar with the process of pressing and blowing and had personally observed the manufacture of articles like the forks and spoons before us in 1925 and every year thereafter until 1939. According to his testimony, which stands uncontradicted, the spoon or fork portions of the articles, up to the point where the handles begin, were made in molds wherein molten glass was poured into the lower part and the upper part was then superimposed on it. Pressure was then applied and the spoon or fork portion of the completed article was thus formed. He stated that these parts were not blown or partly blown but were pressed. The next operation was the making of the handle in a different mold. The article produced in this mold is a long rod which is cut off to the desired length. The spoon and fork ends are then "fused onto the handle by a blow torch" (R. 14). There is no blowing process employed in making either the handle or the spoon or fork portions of the finished

articles, nor are they fire-polished (R. 14, 15). The ridged effect of the finished handles is the result of being "in the mold" (R. 19). The rounded top of the handle is then made by evening it out on an iron stamp (R. 14). The witness stated that all these articles represented by collective exhibits 1, 2, 3, and 4 were made by the process described above (R. 16).

On cross-examination the witness testified that air pressure is applied by automatic machine after the mold is shut, and "it tightens the thing so the mold forms properly," and then the mold is opened and the spoons and forks removed (R. 17). With respect to the rods, from which the handles are made, the witness stated that he had seen them made at the Libochovice factory but that they were not made in the Perner factory. The latter concern buys the rods from another manufacturer. The Government then offered in evidence two sets of spoons and forks the handles of which are blue and amber in color (defendant's collective illustrative exhibit A). The witness stated that he had seen similar merchandise produced and that the colored effect in the rod or handle part is obtained from the liquid glass itself, which is colored before it is put into the pipe or tube (i. e., mold) (R. 21).

In answer to the court's inquiry, the witness explained that the "pipe" mold which produced the rod for the handles was not a solid round tube but was "split down the middle in two oval halves" which when placed together make a round object (R. 22). He then stated that the rod was drawn from the pipe and that by "drawn" he meant that the rod was physically removed by iron pincers. It is clear that the witness meant "withdrawn" from the mold. He also stated that these forks and spoons were not ground or polished (R. 25). He further testified that the mold or pipe employed in manufacturing collective exhibit 3 was hexagonal in shape in order to make it striated or ribbed. There was no further testimony in the record.

An examination of the samples (collective exhibits 1, 2, 3, and 4) and the testimony in the record establishes beyond question that these glass forks and spoons are table or kitchen articles or utensils. The record further establishes that the articles are pressed and unpolished and are not ground or blown or partly blown in the mold. These articles are solid glass.

It is our understanding that all glass articles blown or partly blown in a mold contemplate hollow glassware, i. e., that the operation of blowing a gob of glass in a mold, whether by mouth or compressed air, is for the purpose of expanding the glass to fill the mold so that the finished product will conform in its exterior shape to the mold but that the interior is in all cases hollow.

On this record and an examination of the samples in evidence, we find that the involved articles, consisting of glass forks and spoons, described on the invoices herein as item No. 2166/7, are properly dutiable as "Table and kitchen utensils, composed wholly or in chief value of glass, when pressed and unpolished * * *," under the provisions of paragraph 218 (g), Tariff Act of 1930, as modified by the trade agreement with Czechoslovakia, T. D. 49458, at the rate of 25 per centum ad valorem, as claimed. The protests are sustained and judgment will issue accordingly.